UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                  No. 01-4424

VERNON POWELL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-99-514-PJM)

Submitted: May 8, 2003

Decided: August 7, 2003

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Vandy L. Jamison, Jr., LAW OFFICE OF VANDY L. JAMISON, JR., Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Vernon Powell appeals the judgment order of the district court convicting him on a single count of conspiring to possess with intent to distribute narcotics in violation of 21 U.S.C. § 846 (2000). Powell's counsel has filed a formal brief raising two claims of error, and Powell has filed a pro se, supplemental brief raising two additional claims. Having reviewed these claims in turn, we affirm.

Powell first claims that the district court erred by admitting evidence of two prior convictions for narcotics distribution. He asserts that the evidence was character evidence offered to demonstrate conformity therewith in violation of Fed. R. Evid. 404. A district court's determination of the admissibility of evidence under Rule 404(b) is reviewed for an abuse of discretion. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *Queen*, 132 F.3d at 994. Evidence of prior acts is admissible under Rule 404(b) and Fed. R. Evid. 403, if the evidence is: (1) relevant to an issue other than the general character of the defendant; (2) necessary or probative; and (3) reliable. Further, the probative value of the evidence must not be substantially outweighed by its prejudicial value. *Queen*, 132 F.3d at 995.

Powell's prior convictions were relevant and probative as to his intent regarding the instant conviction. They also were reliable given that the evidence was admitted through the testimony of the prior arresting officers. Accordingly, we conclude that the probative value of the evidence was not substantially outweighed by any potential prejudice and that the district court did not abuse its discretion in admitting the evidence. We deny this claim of error.

Powell next claims that the district court erred by admitting evidence relating to the guilty plea of Louis Caceres after Caceres refused to testify at trial. Powell asserts that the use of Caceres' prior testimony resulted in the violation of his constitutional rights under

the Confrontation Clause. We need not reach this question, however, if we conclude that any potential constitutional error in the admission of the evidence was harmless beyond a reasonable doubt. *See Idaho v. Wright*, 497 U.S. 805, 823 (1990) (noting applicability of harmless error analysis to violation of Confrontation Clause); *Chapman v. California*, 386 U.S. 18, 24 (1967) (stating that test for determining whether constitutional error is harmless is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained").

Testimony at trial from several witnesses demonstrated that an individual known by the alias of "Man" was engaged in a conspiracy with the Caceres brothers to distribute multiple kilograms of cocaine. Further testimony established that "Man" was, in fact, Powell.* Because we conclude that sufficient independent evidence supported Powell's guilt, any error in the admission of evidence relating to Caceres' guilty plea was harmless beyond a reasonable doubt.

We also have reviewed Powell's supplemental pro se brief and accompanying motion. Because we conclude that Powell's supplemental claims lack merit, we deny his motion to file the supplemental brief. We affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Although the Government was directed by the court to supplement its brief with appropriate citations to the record, it has not adequately done so. The Government claims that "Rudy Molina, a cousin of Leonel Caceres, identified the defendant as the person he knew as 'Man.'" (Appellee's revised br. at 15). The Government's revised brief fails to provide a citation to the record for this assertion, and Molina's testimony fails to fully corroborate the Government's claim. Although Molina identified an individual in the courtroom as "Man," the record is insufficient to establish that this individual was Powell. (J.A. at 338-39). Nevertheless, our independent review of the appendix discloses testimony establishing the link unsuccessfully made by the Government. (J.A. at 300). Accordingly, we conclude that Powell was "Man."